UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| RED ROCK SERVICES CO., LLC, | : | Case No. 07-21572REF |
|         Debtor | : | |

| | | |
|---|---|---|
| ROBERT H. HOLBER, Chapter 7 | : | |
| Trustee of RED ROCK SERVICES | : | |
| CO., LLC, | : | |
|         Plaintiff | : | |
|         v. | : | Adv. No. 09-2112 |
| SUFFOLK CONSTRUCTION | : | |
| COMPANY, INC., | : | |
|         Defendant | : | |

# **MEMORANDUM OPINION**

The Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Debtor, Red Rock Services Co., LLC ("Red Rock"), initiated this adversary proceeding to collect $1,667,945, plus attorneys' fees, costs and interest, from Suffolk Construction Company, Inc. ("Suffolk"). Trustee alleged that Suffolk refused or failed to pay Red Rock for certain demolition services provided to Suffolk on a construction project, known as the Silo Point project, near Baltimore, Maryland.

1

Suffolk's answer to Trustee's second amended complaint set forth several affirmative defenses, including a setoff defense arising from Red Rock's failure to perform its obligations on a second construction project, known as the McCormack project, in Boston, Massachusetts. Suffolk's answer also requested attorneys' fees, costs and interest.

After an eight day trial and the parties' submission of post-trial proposed and reply findings of fact and proposed and reply conclusions of law, I entered a Memorandum Opinion on August 30, 2012 finding that: (1) Suffolk owed Trustee $1,156,909.46 on the Silo Point project; and (2) Red Rock owed Suffolk $852,201.83 on the McCormack project.[1] I also found that Suffolk may offset the amounts it owes Trustee and reduce its obligation to Trustee to $304,707.63. I did not rule on the parties' requests for attorneys' fees and costs, however, because neither party had filed a pleading that properly put the issue of attorneys' fees and costs before me.[2] I gave the parties until September 21, 2012,

---

[1] On December 5, 2012, slightly more than three months after entry of my Memorandum Opinion and Order finding the amounts due from each party to the other, Trustee filed a motion claiming that some of my calculations were erroneous. Both the motion and Suffolk's cross-motion along the same lines are scheduled to be heard on January 17, 2013.

[2] As I explained in my August 30, 2012 Memorandum Opinion, neither party had filed a pleading that specified the amount of attorneys' fees and costs being requested and no record had been made regarding the reasonableness of the attorneys' fees and costs. See Memorandum Opinion entered on August 30, 2012 at 88.

2

to file appropriate pleadings asserting their rights to recover attorneys' fees and costs.[3] I also deferred entry of final judgment in this adversary proceeding until the attorneys' fees and costs issues were resolved.

Both Trustee and Suffolk filed their respective requests for attorneys' fees and costs and their briefs in support thereof on October 10, 2012.[4] Each party filed a brief in opposition to the other's fees and costs. I held argument on the fees and costs on November 19, 2012, and the matter is ready for disposition. This Memorandum Opinion constitutes my findings of fact and conclusions of law in this aspect of the dispute.

Both Trustee and Suffolk base their request for attorneys' fees and costs upon the prevailing party provisions contained in the Silo Point and McCormack subcontracts executed between them. Trustee bases his attorneys' fees and costs request upon paragraph 8.16 of the Silo Point subcontract, see Joint Exhibit J-2 at p. 11, ¶8.16, while Suffolk bases its attorneys' fees and costs request

---

[3] This deadline was extended to October 5, 2012 at the parties' request. See Consent Order entered on September 17, 2012.
[4] Suffolk titled its submission an Application for Attorneys' Fees and Costs, whereas Trustee titled his submission a Motion for an Award of Attorneys' Fees and Costs. No explanation has been provided for the tardiness of these submissions, but I will overlook the tardiness issue because both parties' submissions were untimely and, as expected, neither party has complained.

3

upon paragraph 8.16 of the McCormack subcontract, see Joint Exhibit J-44 at p. 14, ¶8.16. Both paragraphs are identical and state:

> The prevailing party in any dispute shall be entitled to its reasonable attorneys' fees, expert consultation fees and costs incurred in the course of such dispute from the date of a request for mediation through conclusion by trial or arbitration, including any appeals.

Because I found that Suffolk owed Trustee $1,156,909.46 on the Silo Point project, I conclude that Trustee is the prevailing party on the dispute between the parties under the Silo Point subcontract. Trustee is therefore entitled to attorneys' fees and costs under paragraph 8.16 of the Silo Point subcontract. See Congressional Hotel Corp. v. Mervis Diamond Corp., 28 A.3d 75, 81 n.3 (Md. Ct. Spec. App. 2011)("In the context of an award of attorney's fees, a litigant is a 'prevailing party' if he succeeds 'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Royal Inv. Group, LLC v. Wang, 961 A.2d 665, 695 (Md. Ct. Spec. App. 2008) quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Likewise, because I found that Red Rock owed Suffolk $852,201.83 on the McCormack project, I conclude that Suffolk is the prevailing party on the dispute between the parties under the McCormack subcontract. Suffolk is

therefore entitled to attorneys' fees and costs under paragraph 8.16 of the McCormack subcontract. See Northern Assocs., Inc. v. Kiley, 787 N.E.2d 1078, 1083-85 (Mass. App. Ct. 2003)(for purposes of determining whether a party is a "prevailing party" under the terms of a contract provision awarding attorneys' fees to the "prevailing party", court finds that one or both parties may "prevail" in the enforcement of rights or remedies under a contract); Bardon Trimount, Inc. v. Guyott, 732 N.E.2d 916, 927 (Mass. App. Ct. 2000)(prevailing party is party in whose favor judgment is entered).

As a preliminary matter, Suffolk argues that even as a prevailing party, Trustee is limited in his collection of attorneys' fees to the contingent fee arrangement originally proposed by Trustee and his special counsel in Trustee's Application to Employ Herrick, Feinstein, LLP as Special Litigation Counsel Pursuant to 11 U.S.C. §327 filed on March 6, 2009. I explained in my July 18, 2012 Memorandum Order Denying Trustee's Application To Modify Terms of Retention of Herrick Feinstein, L.P., however, that neither my March 19, 2009 Order approving Herrick Feinstein's employment as special counsel to litigate the Silo Point dispute nor my March 23, 2010 Order approving Herrick Feinstein's employment as special counsel to litigate the McCormack dispute referred to,

adopted, or approved the contingent fee arrangement. No approved contingent fee arrangement existed; none therefore was being modified. Zolfo, Cooper & Co. v. Sunbeam-Oster, Inc., 50 F.3d 253, 261 (3d Cir. 1995) quoting and adopting In re C&P Auto Transport, Inc., 94 B.R. 682, 685 n. 4 (Bankr. E.D. Cal. 1988). As such, Herrick, Feinstein's fee is not limited by the original contingent fee arrangement and may be determined by the lodestar analysis. I find under the circumstances of this case that the underlying litigation was factually and legally complex as well as extremely time consuming,[5] and Herrick Feinstein should therefore be compensated based upon the lodestar approach.

Both Trustee and Suffolk argue that the attorneys' fees requested by their opponent are not reasonable. Neither party, however, presented any evidence during the November 19, 2012 hearing that was scheduled to be held on the parties' attorneys' fees submissions. I heard no evidence from either party about rates, number of hours, lack of necessity for taking certain actions, or any other aspect of their fee applications. Instead, only oral argument was taken. As a result, no record was made concerning the unreasonableness of either party's

---

[5]    See note 7, infra.

attorneys' fee request. I therefore reject both parties' arguments attacking the reasonableness of their opponent's attorneys' fee request and find that neither Trustee nor Suffolk established the unreasonableness of any fees.[6]

I therefore find that the attorneys' fees and costs requested by both Trustee and Suffolk are reasonable, given the factual and legal complexities of this case, the high level of skill required to try this case properly and efficiently, the amounts involved in this dispute, and the great amount of time required to litigate this case to its present posture.[7] The parties' submissions for their fees and costs

---

[6] Suffolk also takes issue with the hourly rate billed by Herrick Feinstein for services performed by its partners, associates, and paralegals. Suffolk, however, presented no evidence to establish that these hourly rates are not customarily charged in the locality for similar services or are otherwise unreasonable. See Suntrust Bank v. Goldman, 29 A.3d 724, 730, n. 5 (Md. Ct. Spec. App. 2011). I was not offended by hourly rates, however, and I therefore regard them as reasonable. For this reason, I find that Suffolk failed to meet its burden of proof on this issue. I therefore reject Suffolk's attack on the hourly rate charged by Herrick Feinstein for services performed by its partners, associates and paralegals.

Trustee takes issue with the fact that Suffolk did not take affirmative legal action to actively pursue its claim against the bankruptcy estate, but instead only pursued its remedies against the estate through its setoff claim. I will not hold this against Suffolk or rule that it prevents Suffolk from being considered a "prevailing party" on its setoff claim, however, because as Suffolk explained, this was purely a defensive case for it. Suffolk had no expectations of receiving any money from the estate because the only asset of the estate was Trustee's claim against it.

[7] As the parties are aware, this dispute involved the evaluation of highly contested high-stake claims on two multi-million dollar construction contracts, each of which had many change orders and many vendors and suppliers. The Silo Point dispute was complicated by (1) the bin collapse, (2) the lengthy change order process that followed, and (3) other factors. The McCormack dispute was complicated by (1) Suffolk's need to hire replacement subcontractors to complete and repair Red Rock's work after Red Rock walked off the job, (2) a lengthy change order process and complicated calculations of scrap recovery, and (3) other factors. Discovery was disputed, multiple pre-trial issues arose, and a number of pre- and post-trial motions were filed. This case also involved many sophisticated legal issues and application of expert advocacy skills. Both counsel were professional and well prepared in all aspects of this litigation.

shall therefore be approved as filed.[8]

An appropriate Order follows.

BY THE COURT

Date: January 2, 2013

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

---

[8] Suffolk also argues that each parties' recovery of attorneys' fees and costs should be limited to only those fees and costs that relate to the dispute on which each party prevailed. Neither the Trustee nor Suffolk, however, itemized or categorized their fees and costs by the dispute to which they relate. This makes it impossible, on this record, for me to craft an award that includes only the fees and costs that relate to the dispute on which each party prevailed. Recognizing this insurmountable problem, Suffolk suggests that 60% of the parties' total fees and costs relate to the McCormack dispute and that 40% of the parties' total fees and costs relate to the Silo Point dispute. Suffolk contends that it should be awarded 60% of its total fee and cost request, while the Trustee should be limited to 40%. I reject Suffolk's approach because it is not supported by the record, which is totally silent regarding the percentage of fees and costs associated with each dispute. I approve both parties' total requests for fees and costs as filed.