UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: RED ROCK SERVICES CO., LLC, | : | Case No. 07-21572REF |
| Debtor | : | Chapter 7 |

| | | |
|---|---|---|
| ROBERT H. HOLBER, Chapter 7 | : | |
| Trustee of RED ROCK SERVICES | : | |
| CO., LLC, | : | |
| Plaintiff | : | |
| v. | : | Adv. No. 09-2112 |
| SUFFOLK CONSTRUCTION | : | |
| COMPANY, INC., | : | |
| Defendant | : | |

# **MEMORANDUM OPINION**

The Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Debtor, Red Rock Services Co., LLC ("Red Rock"), initiated this adversary proceeding to collect $1,667,945, plus attorneys' fees, costs and interest, from Suffolk Construction Company, Inc. ("Suffolk") for Red Rock's estate. Trustee alleged that Suffolk refused or failed to pay Red Rock for certain demolition services provided to Suffolk on a construction project, known as the Silo Point project, near Baltimore, Maryland. Suffolk's answer to Trustee's second amended complaint set forth several affirmative defenses, including a setoff defense arising from Red

1

Rock's failure to perform its obligations on a second construction project, known as the McCormack project, in Boston, Massachusetts. Suffolk's answer also requested attorneys' fees, costs and interest.

After an eight-day trial, the parties' submission of substantial post-trial proposed and reply findings of fact and proposed and reply conclusions of law, and two oral arguments, I entered my Memorandum Opinion on August 30, 2012 finding that: (1) Suffolk owed Trustee $1,156,909.46 on the Silo Point project; and (2) Red Rock owed Suffolk $852,201.83 on the McCormack project. I also found that Suffolk may offset the amounts it owes Trustee, reducing its obligation to Trustee to $304,707.63. I did not rule on the parties' requests for attorneys' fees and costs, however, because neither party had filed a pleading that properly put the issue of attorneys' fees and costs before me.[1] I gave the parties until September 21, 2012,[2] to file appropriate pleadings asserting their rights to recover attorneys' fees and costs. I also deferred entry of final judgment in this adversary proceeding until the attorneys' fees and costs issues were resolved.

---

[1] As I explained in my August 30, 2012 Memorandum Opinion, neither party had filed a pleading that specified the amount of attorneys' fees and costs being requested and no record had been made regarding the reasonableness of the attorneys' fees and costs. See Memorandum Opinion entered on August 30, 2012 at 88.

[2] This deadline was extended to October 5, 2012 at the parties' request. See Consent Order entered on September 17, 2012.

2

Both Trustee and Suffolk filed their respective requests for attorneys' fees and costs and their briefs in support thereof on October 10, 2012.[3] Each party filed a brief in opposition to the other's fees and costs and I heard oral argument on the fees and costs issue on November 19, 2012. On January 2, 2013, I entered a Memorandum Opinion and Order that did the following: (1) Entered judgment in favor of Trustee and against Suffolk in the amount of $1,156,909.46 on the Silo Point project; (2) entered judgment in favor of Suffolk and against Trustee in the amount of $852,201.83 on the McCormack project; (3) authorized Suffolk to offset the $852,201.83 it is owed by Trustee against the $1,156,909.46 it owes to Trustee, resulting in a net recovery of $304,707.63 in favor of Trustee; (4) granted Trustee's Motion for an Award of Attorneys' Fees and Costs and awarded Trustee, as the prevailing party under Paragraph 8.16 of the Silo Point subcontract, attorneys' fees in the amount of $959,287.50, expert costs of $56,064.57 and other costs and disbursements of $71,791.65, for a total award of $1,087,143.72; (5) granted Suffolk's Application For Attorneys' Fees and Costs and awarded Suffolk, as the prevailing party under Paragraph 8.16 of the McCormack subcontract, attorneys' fees in the amount of $514,294.67 and costs in the amount of $78,549.73, for a total award of $592,844.40; and (6) authorized Suffolk to offset the $592,844.40 in

---

[3] Suffolk titled its submission an Application for Attorneys' Fees and Costs, whereas Trustee titled his submission a Motion for an Award of Attorneys' Fees and Costs. No explanation was provided for the tardiness of these submissions, but I overlook the tardiness issue because both parties' submissions were untimely and, as expected, neither party complained.

3

fees and costs it is owed by Trustee against the $1,087,143.72 in fees and costs it owes to Trustee to arrive at a net recovery of $494,299.32 in fees and costs in favor of Trustee.

Meanwhile, on December 5, 2012, slightly more than three months after entry of my August 30, 2012 Memorandum Opinion and Order that had determined the amounts due from each party to the other under the subcontracts, Trustee filed a Motion To Amend the Order under Fed. R. Bankr. P. 9024 ("Motion To Amend"), arguing that I erred in calculating the damages Trustee was owed under the Silo Point subcontract. Trustee suggests that due to the different manners in which Trustee and Suffolk presented their calculations of Trustee's Silo Point damages, I inadvertently deducted $129,876 from the Trustee's Silo Point damages twice. Trustee maintains, therefore, that his damage recovery on the Silo Point subcontract should be increased by $129,876. On December 21, 2012, Suffolk filed a pleading captioned, "Opposition to Trustee's Motion to Amend and Cross Motion To Amend Memorandum Opinion and Order" ("Cross Motion To Amend"). Although captioned as an "Opposition to Trustee's Motion To Amend," a review of this pleading reveals that Suffolk actually agrees with Trustee that I erred in calculating Trustee's damage recovery under the Silo Point subcontract. Suffolk, however, points out that I erroneously twice deducted $135,452, not

$129,876 as Trustee suggests, from Trustee's recovery.[4] Suffolk therefore maintains that Trustee's damage recovery on the Silo Point subcontract should be increased by $135,452, not $129,876 as Trustee suggests.[5] In addition, Suffolk's Cross Motion alleges that Trustee's recovery on Change Order No. 00003 was overstated because: (1) Trustee recovered overhead and profit on sums that were paid by Suffolk; and (2) the overhead and profit included in Change Order No. 00003 are in excess of what is permitted under the subcontract.

I held a hearing on both Trustee's Motion To Amend and Suffolk's Cross Motion To Amend on January 17, 2013. During this hearing, Suffolk consented to Trustee's Motion To Amend and suggested that the damages awarded Trustee under the Silo Point subcontract were understated by $135,452, rather than $129,876, as advanced by Trustee in his Motion To Amend. Trustee agreed with Suffolk's computation. I will therefore enter an Order granting Trustee's Motion To Amend and increasing Trustee's recovery under the Silo Point subcontract by $135,452.

---

[4] Kudos, of course, to Suffolk and its fine counsel for pointing to an error that had resulted in a higher award for Trustee. This was not a surprise to me because both counsel in this litigation exhibited the highest degree of professionalism and competence.

[5] During the January 17, 2013 hearing held on Trustee's Motion To Amend and Suffolk's Cross Motion To Amend, Trustee agreed with Suffolk's computation of the error made in my calculation of Trustee's damages under the Silo Point subcontract. Both parties agreed that Trustee's recovery of damages under this subcontract should be increased by $135,452.

I turn next to Suffolk's Cross Motion To Amend. Suffolk's Cross Motion alleges that Trustee's recovery on Change Order No. 00003 was overstated because: (1) Trustee recovered overhead and profit on sums that were paid by Suffolk; and (2) the overhead and profit included in Change Order No. 00003 are in excess of what is permitted under the subcontract. Trustee correctly argues, however, that Suffolk waived these claims because (1) Suffolk never raised these issues with any degree of specificity in its proposed findings of fact, proposed reply findings of fact, proposed conclusions of law or proposed reply conclusions of law, during the eight-day trial, or during the two previous oral arguments on the merits of this case; and (2) Suffolk adopted Change Order No. 00003 in toto when it pursued collection of this change order against Silo Point. I agree with Trustee's position.

Motions for reconsideration are to be granted sparingly and "may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" Dermo v. Isaacson, Civil Action No. 11-06520, 2012 WL 4207179 at *2 (E.D. Pa. Sept. 19, 2012), quoting Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). A motion for reconsideration is improperly advanced "where it simply asks the court to 'rethink what [it] had already thought through – rightly or wrongly." Id., quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122

(E.D. Pa. 1993) (internal quotations omitted). In addition, a motion for reconsideration "may not be used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.'" Id., quoting Marshak v. Treadwell, No. Civ. A. 95-3794, 2008 WL 413312, at *7 (D. N.J. Feb. 13, 2008), aff'd in part and remanded, 595 F.3d 478 (3d Cir. 2009)(quoting United States v. Jones, 158 F.R.D. 309, 314 (D. N.J. 1994)).

As Trustee notes, Suffolk failed to raise the overhead and profit issues it now seeks to raise with any degree of specificity in any of its post-trial submissions, during the eight-day trial, or during oral arguments on the merits of this case.[6] In fact, Suffolk admits that the only time it mentioned this issue in any of its post-trial submissions was in a lone sentence contained in paragraph 5 of its 81-page Proposed Findings of Fact filed on June 28, 2011,[7] and in footnote 3 of its 17-page Reply Memorandum of Law filed on August 15, 2011.[8] In addition to these post-trial submissions, the parties each filed other post-trial submissions

---

[6] Although Suffolk maintains that it raised the overhead and profit issue in its closing argument, Suffolk Construction Company, Inc's Opposition to Trustee's Motion To Amend and Cross-Motion To Amend Memorandum and Opinion, p.3, n.3, I do not recall this issue being raised then and Suffolk does not cite the exact page and paragraph from the transcript where this issue was raised.

[7] My review of Suffolk's Proposed Findings of Fact reveals that the only mention of overhead and profit is contained in the following sentence, "The overhead and profit on Red Rock's change order was limited to 10%. Id." Suffolk's Proposed Findings of Fact, p. 2, ¶5. This is merely a reference to the amount of overhead and profit Red Rock could charge on a change order under the terms of the parties' subcontract. Nowhere in this paragraph does Suffolk argue that the overhead and profit claimed to be due by the Trustee on Change Order No. 00003 was erroneous or excessive.

[8] Footnote 3 takes issue with the Trustee's claim for overhead and profit, but it does not provide an explanation why the claim for overhead and profit was erroneous or excessive. Nor does footnote 3 suggest the proper amount of overhead and profit that should be included in the Trustee's Change Order No. 00003 claim.

(proposed findings of fact, rebuttal proposed findings of fact, proposed conclusions of law, rebuttal proposed conclusions of law, and oral argument submissions) that together totaled hundreds of pages. The Exhibits introduced into evidence constituted many thousands of pages. To expect me to identify and focus on one sentence and one footnote buried among these pages, all of which addressed many other significant issues, is unreasonable. This is particularly so when the reference to the overhead and profit issue contained in the sentence and footnote failed to specifically raise the overhead and profit issue in any detail. In fact, counsel for Suffolk admitted as much during the hearing held on Suffolk's Cross Motion when he stated, "[The overhead and profit issue] probably was not presented to you in the best way possible but I didn't anticipate this was the way it [my decision] was going to go."[9] This comports with Trustee's view that Suffolk strategically neglected to focus on the damages issue as it pertained to Change Order No. 00003 (including the overhead and profit portion of the damages). Instead, Suffolk consciously elected to assert that Red Rock was not entitled to any damages on Change Order No. 00003. This strategic decision was unsuccessful and Suffolk cannot now use "hindsight provided by the court's analysis" to argue what it failed to argue at trial. Dermo, 2012 WL 4207179 at *2. Because Suffolk effectively failed to raise the overhead and profit issue during the trial and arguments on the

---

[9] Audio of January 17, 2013 hearing at 11:17:07 - 15.

merits of this case and in its post-trial submissions, I find that Suffolk waived its right to raise this argument and that its Cross Motion To Amend must be denied.

In the alternative, I find that Suffolk's Cross Motion To Amend must also be denied on its merits because Suffolk adopted Change Order No. 00003 and the Hill Report without reservation or condition when it submitted its REA to Silo Point and when it filed, and later settled, the mechanic's lien action that had been pending between Suffolk and Silo Point in Maryland state court. As I explained in my August 30, 2012 Memorandum Opinion, it would be inequitable to permit Suffolk to ignore or dispute the figures reflected in Change Order No. 00003 and the Hill Report when Suffolk outright adopted both as its own to obtain additional funds from Silo Point. See August 30, 2012 Memorandum Opinion at 38-39. Accordingly, Suffolk's Cross Motion To Amend must be denied on its merits.

An appropriate Order is filed contemporaneously with this Opinion.

BY THE COURT

Date: March 15, 2013

RICHARD E. FEHLING
United States Bankruptcy Judge